UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARL LOWE, JR.     PLAINTIFF

v.     CIVIL ACTION NO. 3:12-CV-00591-CRS

CSL PLASMA INC.     DEFENDANT

Memorandum Opinion

I.     Introduction

The Plaintiff, Carl Lowe, Jr., proceeding *pro se*, filed this lawsuit against CSL Plasma Inc. ("CSL Plasma") alleging negligence and breach of fiduciary duty. CSL Plasma moves for summary judgment on all claims.

For the reasons below, the Court will grant summary judgment to CSL Plasma on all claims. The Court will dismiss the claims with prejudice.

II.     Summary judgment standard

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* The Court must draw all factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court gives leniency to pro se plaintiffs, but "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

III.     Undisputed facts

CSL Plasma compensates individuals for donating their plasma. CSL Plasma conducts an initial screening of a donor's blood and plasma to determine whether a donor is fit for plasma donation. Before donating plasma, donors sign an "informed consent" form, which says, "A positive test result does not indicate you have a particular disease," and a donor who receives a positive test result should consult their doctor or public health department. Plasmapheresis Informed Consent 2, ECF No. 62.[1]

In March 2011, Lowe visited CSL Plasma in Louisville two times as a potential plasma donor. CSL Plasma took samples of Lowe's plasma on both occasions. Both of Lowe's samples resulted in a positive screening for HIV.

In April 2011, CSL Plasma sent Lowe a letter which said that his test results were "out of limits for plasma and blood donations." Letter CSL Plasma to Lowe, ECF No. 62-5. The letter said, "We have important additional information for you, and we request that you come to our Center as soon as possible so that our Physician can further advise you about the type of test result(s) and its significance." *Id.*

---

[1] Lowe argues that his signature below this document is forged, Pl.'s Resp. 3, ECF No. 70, although he testified that it was his signature. Lowe Dep. 66, ECF No. 62-4.

2

In his follow-up visit at CSL Plasma, a nurse told Lowe that his results came back positive for HIV. The nurse told him to see the health department or his doctor. He also received an information sheet for individuals who had positive test results for HIV, advising him to follow up with a physician.

Lowe followed up with his physician, who informed him that he was negative for HIV. Lowe sued CSL Plasma for negligence and breach of fiduciary duty. He argues that receiving the news of positive screening for HIV caused him emotional injury.

IV.     Lowe's negligence claim

Under Kentucky law, a plaintiff alleging a claim of negligence must prove: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Consequent injury requires proof of "actual injury or harm to the plaintiff *and* legal causation between the defendant's breach and the plaintiff's injury." *Id.* at 89.

Whether a defendant owed a legal duty to the plaintiff is a question of law for the Court. *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009). In general, "'each person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury.'" *Id.* (quoting *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999)). "Ordinary care is the same degree of care as a prudent person engaged in a similar or like business would exercise under the circumstances." *T & M Jewelry, Inc. v. Hicks ex rel Hicks*, 189 S.W.3d 526, 530 (Ky. 2006).

In professional negligence cases, the standard of care "is typically measured by the standard of conduct customary in the profession under the circumstances." *Burnett,* 302 S.W.3d at 686. Establishing the standard of care typically requires expert testimony. *Id.* However,

3

when the negligence of the professional is so apparent that even a layperson would recognize it, establishing the standard of care does not require expert testimony. *Id.*

Lowe argues that Dr. Dennis E. Wagner and Nicole Swann, a nurse practitioner in mental health, are his expert witnesses. Pl.'s Resp. 15 – 16, ECF No. 70. He offers Wagner's testimony as proof that CSL's alleged negligence in drawing his blood caused his Post-Traumatic Stress Disorder. *See id.* at 15. He offers Swann's testimony as proof that receiving news of a potential HIV diagnosis caused a "downward spiral in my mental health." *Id.* at 10.

CSL Plasma argues that summary judgment is appropriate because Lowe has not established an essential element of his case: the standard of care to which CSL Plasma owed him. Def.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 62-1. CSL Plasma points out that Lowe has not produced any expert testimony or otherwise disclosed any discovery regarding the professional standard of care for a plasma donation center. *Id.* at 10. The Court agrees with CSL.

*Miller* is particularly instructive. In *Miller*, the Kentucky Supreme Court addressed whether "the unlicensed and unregulated medical field of phlebotomy required expert testimony to establish the standard of care." *Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 680 (Ky. 2005). The Kentucky Supreme Court held that the standard of care for drawing blood was "not within the scope of common experience of jurors," and establishing the standard of care required expert testimony. *Id.* at 680 – 81.

Here, Lowe has not disclosed an expert regarding the standard of care for plasma donation centers. Wagner is a psychologist. Wagner Dep. 4, ECF No. 63-2. Swann is a board-certified nurse practitioner specializing in family psychiatric mental health. Swann Dep. 6 – 7, ECF No. 62-7. Neither Swann nor Wagner could offer an expert opinion as to the standard of

4

care for plasma donation centers. The Court concludes that the standard of care for drawing plasma is "not within the scope of common experience of jurors," and thus, establishing the standard of care requires expert testimony. *See Miller*, 177 S.W.3d at 680.

The Court concludes that Lowe has not established an essential element of his case: the standard of care for plasma donation centers. The Court will grant summary judgment to CSL Plasma on Lowe's negligence claim.

V.     Lowe's breach of fiduciary duty claim

Under Kentucky law, a plaintiff alleging breach of fiduciary duty must prove: "(1) the existence of a fiduciary duty; (2) the breach of that duty; (3) injury; and (4) causation." *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 493 S.W.3d 189, 193 (Ky. 2013). There is no "set formula" for determining whether a fiduciary duty exists. *Abney v. Amgen, Inc.*, 443 F.3d 540, 550 (6th Cir. 2006). As a general rule, the Court may conclude that a fiduciary relationship exists if it is "founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Id.* at 550; *Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 485 (Ky. 1991).

Lowe argues that CSL Plasma owes him a fiduciary duty as the "owner and operator of a for-profit medical service provider." Compl. ¶13, ECF No. 1-1. CSL Plasma argues that it is not a medical service provider, but even if it was a medical service provider, it owed no fiduciary duty to Lowe as a potential plasma donor. Def.'s Mem. 20. The Court agrees with CSL Plasma that it owed no fiduciary duty to Lowe.

Here, there is no evidence that when Lowe decided to donate his plasma, CSL Plasma and Lowe entered into a "relationship founded on trust and confidence." *Steelvest*, 807 S.W.2d

5

at 485.  Even if CSL Plasma was a "medical service provider," the Court has found no case law to suggest that the relationship between a medical service provider and a plasma donor is one "founded on trust and confidence."  *Id.*  Although CSL Plasma paid Lowe for his medical screening to determine his suitability for plasma donation, there is no evidence that CSL Plasma agreed to act primarily for Lowe's benefit in matters connected with a plasma donation.

The Court concludes that Lowe has failed to establish an essential element of his breach of fiduciary duty claim: that CSL Plasma owed him a fiduciary duty.  The Court will grant summary judgment to CSL Plasma on the breach of fiduciary duty claim.

VI.   Conclusion

The Court will grant summary judgment to CSL Plasma on all claims.  The Court will dismiss the claims with prejudice.

March 17, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**